**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTESS ISOM,<br><br>      Plaintiff,<br><br>      v.<br><br>JUDGE WARSHAW, et al.,<br><br>      Defendants. | Civil Action No. 22-2269 (MAS) (TJB)<br><br>OPINION |

**SHIPP, District Judge**

  This matter comes before the Court on the Court's *sua sponte* screening of Martess Isom's civil complaint. (ECF No. 1.) Also before the Court is Plaintiff's *in forma pauperis* application in this matter. (ECF No. 1-1.) Having reviewed the application, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is therefore granted. This Court is next required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court dismisses Plaintiff's complaint in its entirety.

**I.  BACKGROUND**

  Plaintiff is a state prisoner currently confined in the Mercer County jail. (ECF No. 1 at 2-3.) In his complaint, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 against three individuals involved in his ongoing state court criminal proceedings: Judge Warshaw, the judge overseeing his case; Peter Abatedamarco, his assigned attorney; and James Scott, the prosecutor involved in his criminal proceedings. (ECF No. 1 at 1, 3-5.) Specifically, Plaintiff contends he was improperly temporarily taken to Ann Klein for competency testing, never received tests, was

found competent, and is now being denied his right to a speedy trial because he has remained in jail for several years awaiting the outcome of murder charges. (*Id.* at 5.) As relief, Plaintiff requests that the Court dismiss his state court charges and grant "reparations" for his criminal prosecution. (*Id.* at 6.)

## II.   **LEGAL STANDARD**

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.   DISCUSSION

In his complaint, Plaintiff seeks to raise claims against his assigned criminal attorney, the judge overseeing his criminal case, and the prosecutor involved in that case pursuant to 42 U.S.C. § 1983. Turning first to his assigned attorney, it has long been recognized that public defenders and assigned attorneys are absolutely immune from suit under § 1983 for actions taken when acting in the scope of their professional duties as defense counsel as they do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). Thus, as Plaintiff's claims against Defendant Abatedamarco derive from alleged errors made by Defendant in performing a lawyer's traditional functions, Abatedamarco is immune from suit under § 1983 for these claims. Plaintiff's claims against Abatedamarco are therefore dismissed with prejudice.

Plaintiff next seeks to raise claims against the judge overseeing his criminal case based on the judge's alleged failure to properly oversee these proceedings. State court judges, however, are absolutely immune from suit under § 1983 for actions taken in a judicial capacity, and may therefore be subject to liability only when they act "in the clear absence of jurisdiction." *See, e.g., Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). As Plaintiff complains only about the judge's actions in his criminal proceeding, and as he has pled no fact suggesting actions taken in the absence of jurisdiction or a judicial capacity, Plaintiff's claims against Judge Warshaw must also be dismissed with prejudice.

Finally, Plaintiff seeks to raise claims against Prosecutor James Scott for prosecuting him for murder charges. State prosecutors, however, are also immune from suit in federal civil rights matters for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). As Plaintiff's claims against Scott directly relate to his actions in prosecuting Plaintiff, Scott is immune from suit in this matter and Plaintiff's claims against Scott must be dismissed with prejudice. As all three named Defendants are clearly immune from suit in this matter, Plaintiff's complaint shall be dismissed with prejudice in its entirety.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED** and his complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**